Darrell **WYLIE**, Appellant,

v.

**The STATE of Texas, Appellee.**

Nos. 04–94–00142–CR; 04–94–00191–CR, 04–94–00192–CR.

Court of Appeals of Texas, San Antonio.

Sept. 29, 1995.

Discretionary Review Refused Jan. 17, 1996.

Alan Futrell, Stephanie L. Stevens, San Antonio, for appellant.

Lynn Ellison, District Attorney, Jennifer Rosenblatt, Asst. District Attorney, Jourdanton, for appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

## OPINION

CHAPA, Chief Justice.

The motion for rehearing is denied, the opinion issued on July 12, 1995, is withdrawn, and this opinion is substituted therefor.

Appellant Darrell Wylie appeals jury convictions based on three counts of aggravated sexual assault on a child. Appellant was sentenced by the jury to sixty years' confinement and a fine of $10,000.00.

The sole issue before this court is whether appellant received ineffective assistance of counsel.

■ When we review a claim that trial counsel's assistance was so defective as to require reversal, we must apply the standards established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (en banc). Under this standard, it is the burden of the appellant to first show that trial counsel's representation fell below an objective standard of reasonableness. Second, the accused must show that this deficient performance prejudiced the defense. In order to demonstrate prejudice, appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 674. However, "[t]his court will indulge a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance, that is, the appellant in this case was required to overcome the presumption that, under the circumstances, the challenged actions 'might be considered sound trial strategy.'" *Martinez v. State*, 675 S.W.2d 573, 575 (App.—San Antonio 1984, no pet.) (citing *Strickland*, 466 U.S. at 690–91, 104 S.Ct. at 2066).

In *Ewing v. State*, 549 S.W.2d 392 (Tex. Crim.App.1977), *overruled on other grounds*, *Hurley v. State*, 606 S.W.2d 887, 890 (Tex. Crim.App.1980), the court formulated the following reasonable and flexible rules as guides in the application of the "reasonably effective" assistance of counsel standard: (1) the representation of counsel "must be gauged by the totality of the representation of the accused" since "an individual is entitled to a fair but not a perfect trial"; (2) the "assertions of ineffective counsel shall be sustained only if they are 'firmly founded'"; and, (3) the appellate court is "not in a position to 'second guess', through appellate hindsight, the strategy adopted by counsel at trial." *Ewing*, 549 S.W.2d at 395. "A full inquiry into the strategy or tactics of counsel should be made only if from all appearances after trial, there is no plausible basis in strategy or tactics for his actions." *Ex Parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App. 1980) (en banc). "We believe this, simply stated, means if there is any basis for trial strategy to have been a reason for trial counsel's action, then further inquiry is improper." *Newsome v. State*, 703 S.W.2d 750, 755 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

Appellant bases his ineffective assistance of counsel complaint on the following allegations: (1) that counsel failed to object to hearsay testimony from Beth Comeaux, Rosemary Denise Wylie, Robert Morales, and Dr. Nancy Kellogg regarding the statements of the child complainant about the sexual abuse; (2) that counsel failed to object to opinion testimony regarding the truthfulness of the complainant; (3) that counsel "was unable to prevent the jury from hearing evidence of extraneous misconduct" of appellant; (4) that counsel failed to object to the

admission of the videotape of the complainant; and (5) that counsel failed to object to alleged improper jury arguments of the prosecutor.

■ Beth Comeaux, who was fifteen years old, testified that the child complainant was in tears one day and that she told Beth about the sexual abuses of the appellant. The record reflects that counsel in fact objected to this hearsay testimony, but was overruled by the court. Consequently, this instance cannot form the basis for an ineffective assistance complaint. Although the objection made was broad and seemed to include all hearsay statements, appellant insists that the objection was untimely and unspecific, which amounted to ineffective assistance of counsel. However, the subsequent cross-examination of the witness appeared to further appellant's apparent trial strategy of defining the complainant as an unbelievable child who carelessly joked about sex. We cannot say that the alleged inaction was not intentional and coincided with the trial strategy.

■ Rosemary Denise Wylie, the complainant's mother, was the appropriate outcry witness under article 38.072 of the code of criminal procedure. TEX.CODE CRIM.PROC. ANN. art. 38.072 (Vernon Supp.1995). There is no indication, however, that the State met the notice and hearing requirements of the rule. Nevertheless, "[s]ince the child[ ] did testify and there is no evidence in the record that appellant's attorney was surprised by the mother's testimony, there was no prejudice to appellant's case by admission of the mother's testimony," even if an objection had been made. *Hupp v. State*, 729 S.W.2d 355, 358 (Tex.App.—Dallas 1987), (vacated and remanded for analysis of parole charge under *Hupp v. State*, 761 S.W.2d 10 (Tex.Crim.App. 1988)).

■ Moreover, it is clear from the record that the trial strategy of the defense was to attack the credibility of the complainant and to establish that the testimony of both Comeaux and Mrs. Wylie was tainted by bias and prejudice. We cannot conclude that the complained-of inaction of the trial counsel was not calculated to develop the trial strategy of attempting to instill reasonable doubt.

■ Appellant's complaints regarding the testimony of Robert Morales, a caseworker with the Department of Human Services, and Dr. Nancy Kellogg, the Medical Director of the Alamo Children's Advocacy Center, stem from their review of the actions that were taken during the investigation of the abuse, the procedures used to examine abuse victims in these cases, and their experience. A review of the testimony of both witnesses, as a whole, reveals that their opinion testimony "merely embrace[d] the ultimate issue ... [but] did not cross that line in an attempt to decide the [ultimate] issue for the jury." *Duckett v. State*, 797 S.W.2d 906, 920 (Tex. Crim.App.1990). Appellant, however, insists that the testimony went further and amounted to bolstering by a direct opinion on the truthfulness of the child, which was condemned by *Yount v. State*, 872 S.W.2d 706 (Tex.Crim.App.1993). However, *Yount* involved a direct opinion as to the truthfulness of a complainant child who had not been previously impeached. *Yount*, 872 S.W.2d at 708. That is not the case here. We do not agree that the testimony in question amounted to a direct opinion on the truthfulness of the child and this complainant had been impeached previously by cross-examination and admissions that her mother had coached her as to what her testimony should be. This case closely resembles *Duckett*, in which the testimony was held admissible because it involved prior impeachment of a complainant child. *Duckett*, 797 S.W.2d at 918–19. Consequently, the trial court would not have abused its discretion in admitting the testimony, *even if an objection had been made*. *Id.*

■ Appellant also contends that it was ineffective assistance of counsel to permit his former wife, Mrs. Wylie, to testify negatively without objection "about appellant's personality and character" as extraneous misconduct. However, this testimony supported the defense strategy of showing bias and prejudice on the part of Mrs. Wylie, which tended to taint not only her testimony, but that of the complainant as well through a suggestion of undue influence. Thus this complaint does not support an argument of ineffective assistance of counsel. *Tompkins*

*v. State,* 869 S.W.2d 637, 642 (Tex.App.—Eastland 1994), *pet. dism'd,* 888 S.W.2d 825 (Tex.Crim.App.1994).

■ Appellant next complains that the defense counsel failed to object to the admission of a videotape of the complainant, which was entered into evidence after the complainant had testified. However, defense counsel presented intense and very capable cross examination of the complainant and other witnesses, raising doubts as to fabrication and improper influence upon the complainant. Because the videotape was presented after the complainant had testified and her credibility had been challenged by the appellant, under rule of evidence 801(e)(1)(B) the videotape was admissible as a prior consistent statement even if a proper objection had been made. TEX.R.CRIM.EVID. 801(e)(1)(B). Appellant misplaces reliance on *Long v. State,* 742 S.W.2d 302 (Tex.Crim.App.1987), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988), *overruled on other grounds by Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Crim.App.1990), in which the State bolstered its videotape by subsequently presenting the complainant without the intervention of any impeachment. The facts are clearly distinguishable.

■ Finally, appellant contends that the failure of his defense counsel to object to alleged improper jury arguments of the prosecutor amounts to such ineffective assistance of counsel as to require reversal. Specifically, appellant complains of two instances during jury argument in which the prosecutor (1) attempted to uphold the credibility of the child complainant, and (2) inferred that the child "convinced" a litany of witnesses, including Lindsey Pawelek and Margie Coleman, who did not testify.

All parties recognize that the Texas Court of Criminal Appeals has consistently held that proper jury argument summarizes the evidence, makes reasonable deductions from the evidence, responds to argument of opposing counsel, and pleads for law enforcement. *McKenzie v. State,* 617 S.W.2d 211, 221 (Tex.Crim.App.1981); *Todd v. State,* 598 S.W.2d 286, 296–97 (Tex.Crim.App.1980). It was apparent from the outset that the defense's strategy was to attack the complainant's credibility with suggestions that she was prone to fabricate and to suggest that her testimony was influenced by the prejudices of others. To a large extent, defense counsel succeeded in inserting these suggestions, both through cross-examination and by presenting witnesses. Therefore, the arguments of the prosecution in upholding the credibility of the complainant and suggesting that she "convinced" several witnesses were a response to the defense, as well as reasonable deductions from the evidence. Although the two complained-of witnesses did not testify, their names were brought out during the testimony of other witnesses involved in the investigation, which led the prosecutor, in a reasonable deduction from the evidence, to mention them. Nevertheless, "it is obvious that the jury argument before us, taken in its entirety, does not show ineffective assistance of counsel for failure of trial counsel to object." *Newsome v. State,* 703 S.W.2d 750, 761 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

Appellant insists that *Alvarado v. State,* 775 S.W.2d 851 (Tex.App.—San Antonio 1989, pet. ref'd), is dispositive of this appeal. We disagree. *Alvarado* involved inadmissible unobjected-to testimony of extraneous sexual abuses of the brother of the complainant, hearsay testimony of two outcry witnesses for both complainant and her brother, as well as numerous other defects in the representation of trial counsel without any plausible connection with a possible trial strategy. The distinctions between the two cases are abundantly evident.

Because appellant has failed to establish either of the prongs required under *Strickland,* the point is rejected.

The judgment is affirmed.