Opinion issued July 15, 2004








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00524-CR




D’ANDRE LANARD MARTIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 02CR2135




MEMORANDUM OPINION

          Appellant, D’Andre Lanard Martin, pleaded guilty, without a plea agreement,
to the offense of robbery and elected for the trial court to assess punishment. At the
conclusion of the sentencing hearing, the trial court assessed punishment at five
years’ confinement. In a single point of error, appellant contends that his trial counsel
was ineffective because she did not object to questions to the complainant regarding
punishment recommendation. We affirm.
BACKGROUND
          During the sentencing hearing, without objection, the State asked the
complainant how she felt about appellant being granted probation for the underlying
offense. The complainant responded,
I feel like it would be a disservice to me and the community. I
understand that he’s never been convicted of anything before. However,
this was a kind of violence that I don’t think warrants being excused that
lightly, not in [sic] civilized world. I think that people have to be
accountable for their behavior. 

During cross-examination, without objection, defense counsel asked the complainant
Q:Do you feel, then, [appellant] as a 19-year-old kid, so to speak,
should also–if he had something he was interested in, that would
turn his life into a better direction and that would be a goal for the
community as well?
 
A:I think it would be good for [appellant] to get his life together and
I hope he would. At 19 I don’t–I’ve been around these young
men that start these lives much younger than that and I’ve never
cut them any slack on the street and they understood that and
some of them have turned their lives around, too. What I’m
saying is [sic] I always held them accountable for their behavior. 
And I believe [appellant], after speaking with his mother, comes
from a good family. He has the kind of background that anyone,
any child could hope for so that he has the foundation for putting
his life together but I think he also needs to be responsible for his
behavior.

During re-direct examination, without objection, the State asked the complainant
 
Q:Earlier we spoke briefly about community supervision or
probation. That’s also called community supervision. You had
testified that you didn’t think that was the appropriate punishment
in this case. Going back to that, is it your understanding that if he
were to be granted community supervision that he would be free
to come home today and live just a few blocks from you? 
 
A:No.
 
Q: If he were granted probation today, is it your understanding of
probation that–
 
A:I don’t really understand probation. I don’t really know what it
is. All I know is–I’ve never exactly–even from TV I don’t know
what probation is. I just–I guess you’re right. I haven’t thought
of that. You just go back to living your life. I don’t think that’s
appropriate in a violent situation. Had he snapped my purse and
run, I might think, oh, a kid thing. But there was just so much
violence involved here that it worries me, it frightens me that it
would be taken that lightly. 

During the State’s closing argument, without objection, the prosecutor stated
 
We talked about probation while [the complainant] testified and her
words were that “If this Defendant was granted probation, it would be
a disservice to me and to this community.” That was her quote. And
that this sort of violence doesn’t warrant probation. . . . [The
complainant] asked that the Court doesn’t handle this case lightly
because of its violence and that the Defendant is held accountable for his
actions on that day.

During the defense’s closing argument, defense counsel argued, in pertinent part
 
Your Honor, I ask you to look at that burden and weigh the evidence of
the testimony that was given to you today. And, in fact, the very victim
stated that she fights wars, that she, in fact, testified that she sees the
children who live on the borderline of that other life and that if they just
had something to be interested in, that they could change that life and
that that [sic] would make her feel better. . . . I challenge the victim–like
I said–we are extremely really [sic] for what he did–how much happier
and at peace will she be if she saw him as a productive man in this
world, what she has worked so hard to do in her own neighborhood? I
challenge her to say that it would make her feel better as it would if this
19-year-old child was to sit in prison for five years.

DISCUSSION
Ineffective Assistance of Counsel
          To prove ineffective assistance, a defendant must show, by a preponderance of
the evidence, that (1) counsel’s performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment and (2) there is a
reasonable probability that, but for counsel’s error or omission, the result of the
proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct. 2052, 2064-69 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999). The defendant must overcome the strong presumption that the
challenged action might have been sound trial strategy. Thompson, 9 S.W.3d at 813. 
We will not speculate to find trial counsel ineffective when the record is silent as to
counsel’s reasoning or strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Accordingly, assertions of ineffective
assistance of counsel must be firmly founded in the record. Bone v. State, 77 S.W.3d
828, 835 (Tex. Crim. App. 2002). 
1.       Failure to Object to Punishment Recommendation
          Appellant asserts that his trial counsel was ineffective during the punishment
phase because she failed to object to the complainant’s punishment recommendation.
In support of his assertion, appellant contends that the complainant’s punishment
recommendation violated limitations upon opinion testimony recognized in
Sattiewhite v. State. See 786 S.W.2d 271, 290 (Tex. Crim. App. 1989). In
Sattiewhite, the Court of Criminal Appeals held that an expert’s opinion was properly
excluded because: (1) the expert in that case was not shown to be qualified to
recommend punishment, and (2) the subject was not one upon which the aid of an
expert’s opinion would be of assistance to the jury. Id. at 290-91 (discussing Schulz
v. State, 446 S.W.2d 872, 874 (Tex. Crim. App. 1969) (If psychiatrist’s opinion
testimony regarding different punishment options was allowed, the State would be
justified in seeking to put on an expert of its own, escalating into a “battle of the
experts.”)). Appellant correctly states that, in general, a witness may not recommend
a particular punishment to the trier of fact. Johnson v. State, 987 S.W. 2d 79, 87
(Tex. App.—Houston [14th Dist.] 1999, pet. ref’d). For the purposes of our analysis,
we assume without deciding that the complainant’s testimony constituted an improper
punishment recommendation. Thus, appellant must nevertheless overcome the strong
presumption that counsel’s failure to object to the State’s line of questioning and
subsequent reference to the complainant’s punishment recommendation during
argument might have been sound trial strategy. See Thompson, 9 S.W.3d at 813.
          The record reveals that, during cross-examination, defense counsel questioned
the complainant regarding whether allowing appellant to assume responsibility for
his actions and to “turn his life into a better direction” would be a service to the
community. Additionally, defense counsel elicited testimony from the complainant
that she believed appellant had the background, family, and foundation to “[put] his
life together” and, that appellant had the potential to change. Finally, during her
closing argument, defense counsel “challenge[d] the victim” to say it would make her
feel better if appellant were confined for five years rather than as “a productive man
in the world.” Thus, rather than objecting to the State’s questions and the
complainant’s responses concerning punishment, defense counsel capitalized upon 
the elicited testimony for the defense’s own use during cross-examination of the
complainant.
          On these facts, we conclude that counsel’s decision not to object to the State’s 
questions concerning punishment and the complainant’s punishment recommendation
was not so deficient or so lacking in tactical or strategical decision-making as to
overcome the presumption that counsel’s performance was reasonable and
professional. See Bone, 77 S.W.3d at 833. Moreover, even if counsel’s performance
was deficient, appellant presents no evidence that, but for counsel’s omission, the
result of the proceeding would have been different. Strickland, 466 U.S. at 687, 104
S. Ct. at 2069. Accordingly, we overrule appellant’s single point of error. 
CONCLUSION
          We affirm the judgment of the trial court.
 
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Bland and Benton.



Do not publish. Tex. R. App. P. 47.2(b).