Affirmed and Memorandum Opinion filed December 18, 2008








Affirmed and Memorandum Opinion filed December 18, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00336-CR

____________

 

CARLOS ANTONIO LOPEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 248th
District Court

Harris County, Texas

Trial Court Cause No. 1063400

 



 

M E M O R A N D U M   O P I N I O N

Appellant Carlos Antonio Lopez challenges his conviction
for aggravated sexual assault of a child, claiming ineffective assistance of
counsel.  We affirm.

I.  Factual and Procedural Background

Appellant was charged with aggravated sexual assault of a
child, appellant=s daughter.  When he pleaded Aguilty@ to the charges,
the trial court reset the case for a pre-sentence investigation.  








At the pre-sentence investigation hearing, appellant=s daughter, the
complainant, testified first about living happily with relatives in El Salvador
for ten years.  At age eleven, she moved to the United States to live with her
parents.  Describing her life in the United States, the young complainant
recounted the multiple occurrences of sexual abuse she suffered at appellant=s hands.  She
described how both of her parents hit her on numerous occasions.  The
complainant testified that appellant would threaten her with a whipping if the
complainant told anyone about the sexual abuse.  The complainant described how,
on one occasion after the complainant=s mother hit her,
appellant sexually abused the complainant and threatened that if she screamed,
appellant would tell the complainant=s mother that the
complainant was bad-mouthing her.

Appellant=s half-sister testified that she lived
with appellant when she was a teenager.  The half-sister explained that, on
several occasions, appellant touched her in bed, and she began locking her
bedroom door and did not want to live with him any longer.  Appellant=s other two
sisters recounted how they encountered sexual abuse and violence at the hands
of appellant=s father when they were children.  Appellant=s mother testified
that appellant witnessed his father=s violence towards
her and that appellant=s father sexually abused one of her
daughters.

The trial court found appellant guilty as charged and
assessed punishment for life in prison.  On appeal, appellant now complains of
ineffective assistance of counsel.

II.  Issues and Analysis








In two issues, appellant complains that he received
ineffective assistance of counsel.  Both the United States and Texas Constitutions guarantee an
accused the right to assistance of counsel. U.S.
Const. amend. VI; Tex. Const. art.
I, ' 10; Tex. Code Crim. Proc. art. 1.051 (Vernon 2005).  This right
necessarily includes the right to reasonably effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984); Ex
parte Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997).  To prove
ineffective assistance of counsel, appellant must show that (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance.  Strickland,
466 U.S. at 688B92; 104 S. Ct. at 2064B67.  Moreover, appellant bears the
burden of proving his claims by a preponderance of the evidence.  Jackson v.
State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).  

In assessing
appellant=s claims, we apply a strong presumption that trial counsel was competent.
 Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  We
presume counsel=s actions and decisions were reasonably professional and were
motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994).  When, as in this case, there is no proper
evidentiary record developed at a hearing on a motion for new trial, it is
extremely difficult to show that trial counsel=s performance was deficient.  See
Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  If there is no
hearing or if counsel does not appear at the hearing, an affidavit from trial
counsel becomes almost vital to the success of an ineffective-assistance
claim.  Stults v. State, 23 S.W.3d 198, 208B09 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  The Court of Criminal Appeals
has stated that it should be a rare case in which an appellate court finds
ineffective assistance on a record that is silent as to counsel=s trial strategy.  See Andrews
v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).  On such a silent
record, this court can find ineffective assistance of counsel only if the
challenged conduct was A>so outrageous that no competent
attorney would have engaged in it.=@  Goodspeed v. State, 187
S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).  Notably, in his motion for new trial,
appellant did not complain that he received ineffective assistance of counsel.

 

 








A.      Did appellant receive
ineffective assistance of counsel when his trial counsel failed to object to certain testimony?

In
appellant=s first issue, he complains that he received ineffective assistance of
counsel because his trial counsel should have objected in response to the
following aspects of the complainant=s trial testimony:  her happy life in
El Salvador without her parents; how her parents did not visit her in El
Salvador after they moved to the United States; that her parents required her
to do chores and that appellant would hit her if she did not do them; that she
received bruises from her parents; that school officials and authorities took
her parents to court to stop the beatings; and that her mother would have
killed her for telling school officials about the beatings.  Appellant also
complains his trial counsel should have objected to his half-sister=s testimony that appellant touched
her when she was fifteen years old.  According to appellant, he received no
notice of the extraneous-offense evidence of ongoing physical abuse and that
none of the complained-of testimony was relevant or admissible under Texas
Rules of Evidence 404(b), 403, or 401.[1]  As a result,
appellant asserts, the cumulative effect of the evidence, when his trial
counsel should have objected its admissibility, amounted to error depriving him
of effective assistance of counsel.








To
prevail in his argument, appellant must show not only that his trial counsel=s failure to object was error, but
also that this error was of such a magnitude as to Aundermine confidence in the outcome.@  See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.  When an appellant claims his trial counsel failed to
object to the introduction of extraneous-offense evidence, a claim of
ineffective assistance of counsel must fail unless the evidence was
inadmissible and admission of the evidence probably affected the outcome of the
trial.  Cooper v. State, 707 S.W.2d 686, 688 (Tex. App.CHouston [1st Dist.] 1986, pet. ref=d).  Failure to object to admissible
evidence is not deemed ineffective assistance of counsel.  See Johnson v.
State, 987 S.W.2d 79, 86 (Tex. App.CHouston [14th
Dist.] 1998, pet. ref=d).

In this case, the complainant=s character
evidence, such as her statement about her life in El Salvador or with her
parents, was admissible to offer a brief glimpse into her background.  See
Salazar v. State, 90 S.W.3d 330, 335B36 (Tex. Crim.
App. 2002) (concluding no abuse of discretion occurred in allowing evidence of
a Aglimpse@ into a
complainant=s background and life); Jagaroo v. State, 180
S.W.3d 793, 799 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d) (holding trial
counsel was not ineffective for failing to object to victim impact testimony
when admission of evidence in the punishment phase of trial was relevant to
sentencing).  As for the complainant=s testimony
regarding the ongoing physical abuse she endured, such testimony was admissible
because it was clearly intertwined with the circumstances of the charged
offense as evidenced by appellant=s threatening to
whip her or using the complainant=s fear of her
mother as a way to take advantage of her sexually.  See Johnson, 987
S.W.2d at 86 (holding trial counsel was not ineffective for failing to object
to victim impact testimony during the punishment phase when such testimony
related to a circumstance of the offense); see also Tex. Code Crim. Proc. Ann. art. 37.07, ' 3(a) (Vernon
2006) (permitting evidence to be offered as to any matter deemed relevant to
sentencing, including the circumstances of the offense for which an accused is
being tried).  Finally, although the half-sister=s testimony may
arguably be objectionable as extraneous-offense evidence, the record in this
case is silent as to why appellant=s trial counsel
failed to object; therefore, the record is insufficient to overcome the strong
presumption that counsel=s actions were part of a strategic plan.  See
Tong v. State, 25 S.W.3d 707, 713 & n.9 (Tex. Crim. App. 2000).  

On the record before us, appellant has not rebutted the
strong presumption that his trial counsel=s failure to
object to the testimony was a matter of trial strategy.  See Jagaroo,
180 S.W.3d at 799.  Accordingly, because appellant has not satisfied the first
prong of Strickland=s test, we overrule appellant=s first issue.








B.      Did appellant receive
ineffective assistance of counsel for his trial counsel=s failure to secure expert
testimony?

In his second issue, appellant complains that he received
ineffective assistance of counsel because his trial counsel should have secured
psychological expert evidence to show appellant suffered from the effects of
his own father=s sexual abuse, which he claims is his only Adefense.@  The record is
silent as to trial counsel=s decision-making regarding any such
mitigation evidence.  Nothing in the record addresses whether an expert=s testimony as to
the sexual abuse, if any, during appellant=s childhood would
have benefitted appellant or had any effect on the outcome of the proceeding.  See
LaHood v. State, 171 S.W.3d 613, 623 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d); Teixeira v. State, 89 S.W.3d
190, 193B94 (Tex. App.CTexarkana 2002,
pet. ref=d).  If trial
counsel=s actions in not
presenting an expert may have been the result of a tactical decision, and the
record contains no specific explanation for counsel=s decision, this
court cannot conclude counsel was ineffective.  

On the record before us, appellant has failed to
demonstrate that his trial counsel=s actions fell
below an objective standard of reasonableness in failing to seek expert
evidence in this matter.  See Rylander v. State, 101 S.W.3d 107, 111
(Tex. Crim. App. 2003).  Therefore, appellant has not satisfied Strickland=s first prong.  See
id.  Accordingly, we overrule appellant=s second issue.

Having overruled appellant=s two issues, we
affirm the judgment of the trial court.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered
and Memorandum Opinion filed December 18, 2008.

Panel consists of
Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The State=s
two notices of intent to use extraneous-offense evidence related to multiple
incidents of sexual conduct with the complainant, a single incident of sexual
contact with appellant=s half-sister, and a single incident of physical abuse
in which appellant struck the complainant with an extension cord and caused her
to suffer bodily injury.