Michael CALDWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–01069–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 17, 1994.

J. Sidney Crowley, Bellaire, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Barrett Reasoner, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and HEDGES, JJ.

### OPINION

PER CURIAM.

After trial by jury, appellant, Michael Caldwell, was convicted of forgery. After finding two enhancement paragraphs true, the jury assessed punishment at life imprisonment. We affirm.

In his sole point of error, appellant contends that he has been "denied a complete record on appeal by reason of the loss of the court's charge to the jury on guilt/innocence, thereby requiring reversal." Appellant admits he made no objection to the charge at trial, but contends the charge may have contained fundamental error that was not waived by his failure to object.

The original transcript filed with this Court did not contain a copy of the court's charge. Instead, there was an affidavit from the manager of the post-trial division of the District Clerk's office certifying that the court's charge had been inadvertently misplaced.

Upon receipt of appellant's brief on appeal, the State filed a motion with the trial court to supplement the record with its original copy of the charge. The trial prosecutor executed an affidavit stating that the copy of the charge filed with its motion to supplement was the State's original copy, and was identical to the charge given to the jury in this case. The State's motion was granted.

The State then filed a motion with this Court to supplement the transcript with the court's charge, which had been filed with the trial court. This motion was also granted.

The Texas Rules of Appellate Procedure provide that "[w]hen the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases." TEX.R.APP.P. 50(e).

Therefore, the record before this Court does, in fact, contain a copy of the court's charge to the jury at the guilt-innocence phase of the trial. Appellant's sole point of error is overruled and the judgment is affirmed.