Robert Lamar ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–92–01263–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 6, 1995.

Douglas H. Pettit, Houston, for appellant.

Karen A. Clark, Houston, for appellee.

Before YATES, FOWLER and DRAUGHN,* JJ.

## OPINION

DRAUGHN, Justice (Assigned).

Appellant entered a plea of not guilty to the offense of aggravated robbery. TEX.PE-NAL CODE ANN. § 29.03 (Vernon Supp.1994). He was convicted and the trial court assessed punishment as confinement for life in the Institutional Division of the Texas Department of Criminal Justice. In three points of error, appellant contends the trial court erred in refusing to suppress evidence of an illegal search, there was insufficient evidence to support his conviction, and appellant was denied due process because the jury charge was lost after trial. We affirm the judgment of the trial court.

---

* The Honorable Joe L. Draughn sitting by assign-     ment.

On the night of April 26, 1991, around 9:00 p.m., Adolph Lane Lyles, an employee of the Meyer Park Radio Shack, drove to the Texas National Bank near Meyerland Plaza to make the night deposit. Lyles circled the bank then parked his car and walked to the deposit box. As Lyles reached out to open the deposit box, a man wearing a bandana and brandishing a crossbow appeared, demanded the bank bag and threatened to kill Lyles if he did not cooperate. Lyles tossed down the bank bag, and the man picked it up and ran off. Lyles went to a nearby gas station and called the police.

Houston Police Officer N.J. Barker met Lyles at the Radio Shack. Lyles told Officer Barker that he did not get a good look at the suspect because his attacker was wearing a bandana. Lyles could only describe the suspect as a black man between five feet, four inches and five feet, seven inches tall. After speaking with Lyles, Officer Barker returned to the Texas National Bank and radioed a bulletin that the suspect was driving a lime green truck with a black top.

Houston Police Officer M.A. Gregory spotted the lime green truck parked at an apartment complex at 9502 Woodfair. Officer Gregory radioed other units in the area that he had spotted the suspect vehicle, and met a second unit outside the complex. Officer Gregory then saw the suspect vehicle leave the complex. The officers pursued the truck, and stopped it in a nearby Stop–N–Go parking lot. Officer Gregory asked the driver for identification. Appellant handed the officer his Missouri driver's license. The officers arrested appellant on an open warrant.

The next day, on April 27, 1991, Houston Police Sergeant Russ Hayes held a video line-up. Lyles, who had only seen his attacker briefly, was unable to identify appellant. John Fowls had also been robbed while making a night deposit by a person with a crossbow. Fowls identified appellant in the video line-up.

On the same day that the video line-up was conducted, Houston Police officers arrested Barry Eugene Steele and Ronnie Joseph Frederick as Steele was attempting to break into apartment 239 of the Cobbletree Apartments at 9502 Woodfair. Steele told the arresting officers that he was breaking into the apartment to retrieve a crossbow, arrows and a bank bag. Steele said Frederick had told him to get the items for a man named "Rob." Frederick, who had been Steele's lookout, confirmed that "Rob" had told him to get the items. The police also obtained a statement from the manager of the Cobbletree Apartments. The manager said that appellant had leased apartment 239 as its sole occupant. Based upon the identification by Fowls, and the statements of Steele, Frederick, and the apartment manager, Sergeant Hayes obtained a search warrant for apartment 239 from a magistrate. On April 28, 1991, Sergeant Hayes and Officer Gregory executed the search warrant. Inside the apartment, the officers found a crossbow, two arrows, a photograph of money fanned out on a bed, a bank bag with "Radio Shack" written on it, bandanas, and a ski mask.

In his first point of error, appellant contends the search warrant for appellant's apartment failed to establish probable cause in violation of the Fourth Amendment of the United States Constitution, Article I, Section 9 of the Texas Constitution, and Sections 18.01 and 38.23 of the Texas Code of Criminal Procedure. In his brief, appellant separates his arguments under the United States Constitution and the Texas Constitution. Because the United States Supreme Court and the Texas Court of Criminal Appeals have adopted the totality of the circumstances test to determine if probable cause was established, we discuss both of appellant's Constitutional challenges together. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Eisenhauer v. State,* 754 S.W.2d 159 (Tex.Crim.App.1988), *cert. denied,* 488 U.S. 848, 109 S.Ct. 127, 102 L.Ed.2d 101 (1988), *overruled on other grounds, Heitman v. State,* 815 S.W.2d 681, 685 n. 6 (Tex.Crim.App.1991) (adopting *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) as the Texas standard). Probable cause exists if a police officer submits sufficient facts within his affidavit for the magistrate to conclude that the object of the search is probably on the premises at the time the warrant is issued. *Cassias v. State,* 719 S.W.2d 585, 587 (Tex.Crim.App.1986).

The magistrate is limited to reviewing the four corners of the affidavit to find probable cause. *Jones v. State,* 833 S.W.2d 118, 123 (Tex.Crim.App.1992). The magistrate's decision must be based solely upon facts presented in the affidavit. *Id.* In reviewing the magistrate's determination of probable cause, however, we are required to give great deference to the magistrate's determination. *Johnson v. State,* 803 S.W.2d 272, 289 (Tex. Crim.App.1990). If the magistrate had a substantial basis for concluding that a search would uncover evidence of a wrongdoing, we will not reverse the magistrate's decision. *Id.*

■■■ Appellant contends that the only evidence linking the evidence of the crime to the place searched were the unreliable hearsay statements of Steele and Frederick. In this case, Sergeant Hayes presented sufficient facts for the magistrate to find probable cause. The line-up identification by Fowls showed appellant's involvement in an almost identical armed robbery. The apartment manager's statement that appellant leased apartment 239 as its sole occupant showed that appellant lived at the place to be searched. Sergeant Hayes also had to show that some evidence of the crime would be found in the apartment. In presenting the facts supporting the affidavit, the officer does not have to rely solely on his own personal knowledge but can also reasonably rely upon a trustworthy source to conclude that evidence of a crime may presently be found in a specified place. *Cassias,* 719 S.W.2d at 587. The officer and the magistrate may rely on an informant's hearsay statement if it is reasonably corroborated by other matters within the officer's knowledge. *Villegas v. State,* 871 S.W.2d 894, 898 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Double hearsay may be used to show probable cause if the underlying circumstances indicate a substantial basis for crediting each level of hearsay. *Lowery v. State,* 843 S.W.2d 136, 140 (Tex.App.— Dallas 1992, pet. ref'd) (opinion on remand).

■■ Sergeant Hayes's affidavit showed that on April 27, 1991, Steele told officers, and Frederick confirmed, he was breaking into apartment 239 because a man named "Rob" told Frederick to get a crossbow, ar-

rows and a bank bag from the apartment. Steele's statement is double hearsay. However, because Frederick confirmed the statement, Sergeant Hayes relied on only one hearsay statement, "Rob's" statement to Frederick telling him to retrieve the crossbow and bank bag. The officer and the magistrate had a reasonable basis to believe "Rob's" statement was reliable because it was against his penal interest since it led to the conclusion that he was involved in the commission of a crime and needed to remove the evidence. Therefore, the officer and the magistrate could rely upon the hearsay statement between "Rob" and Frederick to conclude that evidence of the crime would be found in the apartment. When reviewing Sergeant Hayes' affidavit, the issuing magistrate was simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there was a fair probability that contraband or evidence of a crime will be found in a particular place. *Hennessy v. State,* 660 S.W.2d 87, 89 (Tex.Crim.App. 1983), citing *Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332. Based upon the identification by Fowls, and the statements of Steele, Frederick and the apartment manager, Sergeant Hayes' affidavit was sufficient for the magistrate to properly issue a search warrant for appellant's apartment. The trial court did not err in overruling appellant's motion to suppress. We overrule appellant's first point of error.

■■ In his second point of error, appellant contends there was insufficient evidence to convict him of aggravated robbery. When reviewing the sufficiency of the evidence, we must consider the evidence in the light most favorable to the verdict, and decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Hilton v. State,* 879 S.W.2d 74 (Tex.App.—Houston [14th Dist.] 1994, no pet.). Appellant contends there was insufficient evidence presented at trial to identify him because Lyles could not identify him in a

**300**

line-up or in court. First, the jury could rely upon the circumstantial evidence showing appellant's involvement. Officers found a crossbow, two arrows, a photo showing money fanned out on a bed, a "Radio Shack" bank bag, and bandanas in appellant's apartment. This evidence alone was sufficient to show appellant robbed a Radio Shack employee using a crossbow. The State also presented the testimony of Lee Ann Akin on the issue of identity. She testified that while making a night deposit in the same area of Houston, she also had been robbed by a black male between five feet, five inches and five feet, seven inches tall using a crossbow. Akin identified appellant in a line-up and at trial. Based on Akin's identification and the evidence found in appellant's apartment, the State presented sufficient circumstantial evidence to support the jury's verdict that appellant was guilty of aggravated robbery. We overrule appellant's second point of error.

In his third point of error, appellant contends he was denied due process of law because the jury charge has been lost. Appellant contends he could not properly prepare an appeal without reviewing the court's charge. The original transcript filed with this court did not contain a copy of the court's charge. Instead, the manager of the post-trial division of the Harris County District Clerk's office filed an affidavit certifying that the court's charge had been inadvertently misplaced. Upon receipt of the appellant's brief, the State filed a motion to supplement the record with its original copy of the charge. The trial prosecutor also executed an affidavit stating that the copy of the charge filed was the State's original copy. The trial court granted the State's motion to supplement the record. The State then filed a motion with this Court to supplement the transcript with the State's copy of the court's charge. This motion has been granted. The Rules of Appellate Procedure provide, "[w]hen the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases." TEX. R.APP.P. 50(e). Because the record contains a copy of the court's charge and appellant's

counsel has access to the jury charge, appellant has not been denied due process. *Caldwell v. State*, 875 S.W.2d 7 (Tex.App.—Houston [1st Dist.] 1994, no pet.). We overrule appellant's third point of error.

We affirm the judgment of the trial court.