Johnny Calvin Scott v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-103-CR

     JOHNNY CALVIN SCOTT,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 271st District Court
Wise County, Texas
Trial Court # 11,063
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
     This is a circumstantial evidence case. A man was found guilty by the trial court of the
crime of aggravated robbery. No employee present at the time of the robbery could positively
identify him. The evidence of identity upon which the conviction was based consisted
primarily of a pistol, mask, and an exact amount of money taken during the robbery which
were all discovered in the house where the man was found and arrested. We hold that the
evidence is legally sufficient to prove identity and affirm the judgment.
Procedural Background
     Johnny Calvin Scott pled not guilty to the offense of aggravated robbery. He was
convicted and sentenced by the trial court. Punishment was assessed at thirty-five years in
prison. Scott now brings this appeal.
Sufficiency of the Evidence
      The appellant’s brief does not specify whether it is directed to a complaint of legal
insufficiency or factual insufficiency. A complaint about the “sufficiency” of the evidence will
be construed as a legal sufficiency challenge. Caldwell v. State, 943 S.W.2d 551, 552 (Tex.
App.—Waco 1997, no pet.) (claim of factual insufficiency must be properly raised). While
courts of appeals have typically conducted a Jackson review


 when a defendant attacks the
sufficiency of the evidence of an element of the offense, nothing in the Texas Constitution or
the Texas Code of Criminal Procedure limits the courts of appeals to a Jackson review. Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). However, appellate courts are
required to construe the appellant’s brief liberally. See Tex. R. App. P. 38.9 (“briefs should
present argument that will enable the court to decide the case”). We have reviewed the issue,
the argument, and prayer and have concluded that Scott’s insufficiency point is a complaint
about the legal insufficiency of the evidence of identity.
    Scott contends that there was legally insufficient evidence to sustain the conviction for
aggravated robbery. Specifically, Scott argues that the State failed to prove the element of
“identity” beyond a reasonable doubt. 
 
Legal Sufficiency
      When reviewing a claim of legal insufficiency of the evidence, we must determine, after
considering all the evidence in the light most favorable to the verdict, whether any rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Johnson
v. State, 967 S.W.2d 410, 412 (Tex. Crim. App. 1998). This review is the same for both
direct and circumstantial evidence cases. Green v. State, 840 S.W.2d 394, 401 (Tex. Crim.
App. 1992); see also Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991). Whether
the evidence satisfies the current Jackson test is a question of law. Clewis v. State, 922
S.W.2d 126, 132 (Tex. Crim. App. 1996).
Circumstantial evidence - Identification               
      Evidence of identity can be proven by either direct or circumstantial evidence. Earls v.
State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); Oliver v. State, 613 S.W.2d 270, 274
(Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g). Due to the lack of positive identification
which directly links Scott to the robbery, it is necessary for us to determine whether the State
has established identity through circumstantial evidence. Sutherlin v. State, 682 S.W.2d 546,
548 (Tex. Crim. App. 1984). To prove identity, items taken during a robbery, a weapon and
other objects used to perpetrate the crime, when found in a defendant’s apartment have been
held sufficient to show that a particular individual committed the robbery. Allen v. State, 899
S.W.2d 296, 300 (Tex. App.—Houston [14th Dist.] 1992), pet. dism’d, improvidently granted,
945 S.W.2d 829 (Tex. Crim. App. 1997). 
 
Evidence at Trial
      The robbery took place at a Dairy Queen located in Rhome, Wise County


, Texas, on the
night of August 29, 1998, around 10:00 p.m. At the time of the robbery, there were three
employees closing the restaurant. One of the employees, Nikki Echols, was involved in a
relationship with Scott. Echols had been given the day off, but had called the manager
requesting permission to come to work. After working a couple of hours, Echols left the
Dairy Queen, but she returned later that night to assist with closing.
      The robber, armed with a gun, entered the Dairy Queen through an unlocked door at the
back of the restaurant. Echols, who was counting the day’s receipts, was in the back of the
restaurant when the robber came through the door. She immediately began to scream when
she saw him. Richie Osborn, another employee, was standing in front of the drink machine
when he heard Echols scream. He then saw the robber making his way through the restaurant. 
The robber struck Osborn in the head with the gun, knocking him to the ground. Echols then
proceeded to hand over the money that she had been counting. The robber took the money and
immediately fled the building. The cash taken in the robbery totaled $3658. This total
consisted of $1806 from the prior days receipts, which was in a separate bank bag, $1452 from
sales that day, and $400 which was routinely kept for the cash registers.  
      The evidence establishes Scott arrived at Echols’s house shortly after the time the robbery
was committed. Robert Throneberry, Echols’s stepfather, was present in the home when Scott
arrived. Throneberry had let Scott borrow his pickup. When Throneberry noticed that it was
about to rain, he went out to the truck to roll up the windows and lock the doors. Scott went
with him. As Throneberry opened the driver’s door, he noticed a pistol laying on the seat. 
When questioned about the gun, Scott told Throneberry that the pistol belonged to Echols. 
Scott took the gun from the seat and put it in his back pocket. After returning to the house,
Throneberry’s wife (Echols’s mother) told him that Echols had called and said that the Dairy
Queen had been robbed. Throneberry then accompanied his wife to the restaurant to check on
his stepdaughter, leaving Scott at the house. 
      It is somewhat unclear from the record why the police initially suspected Scott. 
Nonetheless, Throneberry cooperated with the police, directed them back to his home, and
asked Scott to step out of the house. Scott was then placed under arrest. Throneberry 
consented to a search of his home and directed the officer’s to Echols’s bedroom. David
Walker, an investigator with the Wise County Sheriff’s Office, searched the home focusing on
a closet in Echols’s room. The search of the closet resulted in the discovery of $1806 in small
bills, a mask made from a T-shirt, and a pistol. The authorities also found a shirt, similar to
the one worn by the robber, about a quarter mile from the restaurant on a likely route between
the Dairy Queen and Throneberry’s home. Additionally, evidence of tennis shoe footprints
found outside the back door of the Dairy Queen were matched to the tennis shoes that Scott
was wearing at the time of his arrest.
      Richard Osborn, the employee injured during the robbery, testified at trial that the gun and
the mask found in Throneberry’s home looked like the ones used in the robbery. Osborn was
unable to positively identify Scott as the robber, but he testified that he knew the robber was a
black male because he could see through the eye holes in the mask. Echols testified that she
knew that Scott could not have been the robber because she would have recognized both his
voice and appearance. Finally, there was conflicting testimony regarding the exact description
of the shirt worn by the robber and whether the one found by the authorities on the route they
suspected Scott traveled was the one worn by the robber. There was nothing else offered to
link this shirt to Scott. 
Application of Law to Facts
      While there is no direct evidence identifying Scott as the robber, there is ample
circumstantial evidence to this effect in the record. We find the evidence legally sufficient to
support the jury’s verdict.
Conclusion
      We overrule Scott’s issue on appeal and find that the evidence is legally sufficient for a
rational trier of fact to find that Scott was the perpetrator of the aggravated robbery beyond a
reasonable doubt. We affirm the judgment of the trial court.
 
                                                                         TOM GRAY
                                                                         Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 7, 2000
Do not publish