# NO. 12-13-00070-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CLINTON DEWAYNE SHELTON, APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Clinton Dewayne Shelton appeals his conviction for burglary of a habitation, for which he was sentenced to imprisonment for twenty years. In one issue, Appellant argues that the trial court improperly denied his motion to suppress. We affirm.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation and pleaded "not guilty." A jury found Appellant "guilty" as charged. The State had previously given notice of its intent to introduce evidence that Appellant had committed the extraneous offense of burglary of a habitation against another individual. Before the commencement of his trial on punishment, Appellant objected that the affidavit for the arrest warrant for Appellant that resulted in officers' observing items in plain view related to this extraneous burglary did not state probable cause. A hearing was held outside the presence of the jury on the sufficiency of the affidavit supporting the arrest warrant. Following the hearing, the trial court overruled Appellant's objection and admitted into evidence the items seized relating to the extraneous burglary.

At Appellant's trial on punishment, the victim of the extraneous burglary testified that the items seized at Appellant's residence belonged to her. Ultimately, the jury assessed Appellant's

1

punishment at imprisonment for twenty years. The trial court sentenced Appellant accordingly, and this appeal followed.

**MOTION TO SUPPRESS EVIDENCE**

In his sole issue, Appellant argues that the trial court erred in denying his motion to suppress because the affidavit underlying the arrest warrant is insufficient to demonstrate probable cause. This affidavit is included, in pertinent part, as an appendix to this opinion.

## Standard of Review

We review a trial court's ruling on a motion to suppress evidence for abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *State v. Elrod*, 395 S.W.3d 869, 876 (Tex. App.–Austin 2013, no pet.). A trial court abuses its discretion when its ruling is arbitrary or unreasonable. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). The trial court's ruling on the motion to suppress will be affirmed if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Young v. State*, 283 S.W.3d 854, 873 (Tex. Crim. App. 2009).

In reviewing a trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *Wilson v. State*, 311 S.W.3d 452, 457–58 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). Although we give almost total deference to the trial court's determination of historical facts, we conduct a de novo review of its application of the law to those facts. *See Wilson*, 311 S.W.3d at 458; *Carmouche*, 10 S.W.3d at 327. We afford almost total deference to the trial court's rulings on mixed questions of law and fact when the resolution of those questions depends on an evaluation of credibility and demeanor. *See State v. Johnston*, 336 S.W.3d 649, 657 (Tex. Crim. App. 2011); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo mixed questions of law and fact that do not depend on an evaluation of credibility and demeanor. *Johnston*, 336 S.W.3d at 657; *Guzman*, 955 S.W.2d at 89. All purely legal questions are reviewed de novo. *Johnston*, 336 S.W.3d at 657; *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004).

At the suppression hearing, the trial court is the sole trier of fact and exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. *See St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Guzman*, 955 S.W.2d at 89. Unless the trial court abuses its discretion by making a finding unsupported by the record, we defer to the trial court's

findings of fact and will not disturb them on appeal. *Johnston*, 336 S.W.3d at 657; *Guzman*, 955 S.W.2d at 89; *Elrod*, 395 S.W.3d at 876–77. When, as here, the trial court makes no findings of fact and conclusions of law, and none are requested, we review the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling so long as those findings are supported by the record. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007); *Carmouche*, 10 S.W.3d at 328.

## Arrest Warrant Affidavit

When a defendant argues that a search should have been suppressed because the magistrate had no probable cause to issue a warrant, we do not review the magistrate's determination of probable cause de novo, but instead apply a "great deference" standard of review. *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004); *Jones v. State*, 338 S.W.3d 725, 732–33 (Tex. App.–Houston [1st Dist.] 2011), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012), *cert. denied*, 133 S. Ct. 370, 184 L. Ed. 2d 160 (2012). The Fourth Amendment to the United States Constitution provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. Amend. IV. The affidavit supporting an arrest warrant is called a complaint. *See* TEX. CODE CRIM. PROC. ANN. art. 15.04 (West 2005); *Weems v. State*, 167 S.W.3d 350, 355 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd). A complaint in support of an arrest warrant must (1) state the name of the accused, if known, and if not known, must give some reasonably definite description of him; (2) show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense; (3) state the time and place of the commission of the offense, as definitely as can be done by the affiant; and (4) be signed by the affiant. TEX. CODE CRIM. PROC. ANN. art. 15.05 (West 2005); *Weems*, 167 S.W.3d at 355–56.

Affidavits filed for issuance of arrest warrants must provide the magistrate with sufficient information to support an independent judgment that probable cause exists for the warrant. *McFarland v. State*, 928 S.W.2d 482, 509 (Tex. Crim. App. 1996). In determining the sufficiency of an affidavit supporting an arrest warrant, a reviewing court is limited to the "four

3

corners" of the affidavit. *Id.* at 510. If the state intends to justify an arrest on the basis of a warrant, it is incumbent on the state to produce the warrant and its supporting affidavit for inspection by the magistrate. *See Etheridge v. State*, 903 S.W.2d 1, 19 (Tex. Crim. App. 1994). This requirement is imposed so that the magistrate may inspect the documents and determine whether probable cause existed and ensure that the arrestee's rights have been fully protected. *Id.* (quoting *Garrett v. State*, 791 S.W.2d 137, 140 (Tex. Crim. App. 1990)). In so doing, the magistrate who reviews the affidavit may draw inferences from the facts contained in it. *Elardo v. State*, 163 S.W.3d 760, 765 (Tex. App.–Texarkana 2005, pet. ref'd). Great deference should be given to a magistrate's determination of probable cause, and warrants should not thereafter be invalidated through a "hypertechnical" interpretation of their supporting affidavits. *Id.* Rather, we interpret affidavits for arrest or search warrants in a common sense and realistic manner. *Id.*

## Causey's Affidavit - Double Hearsay

Appellant does not argue that the facts set forth in Officer Dennis Causey's affidavit do not, in and of themselves, amount to a showing of probable cause. Rather, Appellant contends that the affidavit is defective because Causey does not state how he received the information from Officer C. Speak and there is no indication concerning how Speak received the information from the victim, Grace Kelly. Based on our reading of the affidavit in a common sense manner, we conclude that the magistrate reasonably could have determined that Kelly related the information directly to Speak and Speak, in turn, related the information directly to Causey. In other words, Causey's affidavit testimony relies on "double hearsay." Double hearsay may be used to show probable cause if the underlying circumstances indicate a substantial basis for crediting each level of hearsay. *Allen v. State*, 899 S.W.2d 296, 299 (1995); *see also State v. Duarte*, 389 S.W.3d 349, 355 (Tex. Crim. App 2012).

We first address Speak's hearsay statement to Causey. When one officer relies solely on a request to arrest made by a fellow officer, probable cause must be based on the requesting officer's knowledge. *See Farmah v. State*, 883 S.W.2d 674, 678 (Tex. Crim. App. 1994) (applied to warrantless arrest); *Fearance v. State*, 771 S.W.2d 486, 509 (Tex. Crim. App. 1988); *see also Colston v. State*, 511 S.W.2d 10, 12 (Tex. Crim. App. 1974) (standards applicable to factual basis of officer's probable cause assessment at time of challenged arrest and search are at least as stringent as standards applied with respect to magistrate's assessment of probable cause). In the

instant case, Causey's affidavit is based on information he received from Speak. Accordingly, we look to Speak's knowledge to determine whether there was a showing of probable cause.

Speak received the information from Kelly. Kelly stated that a man broke into her home. She described the man, and identified him as "Clint," a person whom she previously had seen many times and who lived near her parents. Kelly even addressed the perpetrator as Clint when he was standing, uninvited, in her home. Kelly looked in her vehicle and discovered that $40.00 in cash and the keys to her workplace were missing. As a citizen-informer, Kelly is presumed to speak with the voice of honesty and accuracy. *See Duarte*, 389 S.W.3d at 356; *see also Illinois v. Gates*, 462 U.S. 213, 233–34, 103 S. Ct. 2317, 2330, 76 L. Ed. 2d 527 (1983) ("[I]f an unquestionably honest citizen comes forward with a report of criminal activity—which if fabricated would subject him to criminal liability—we have found rigorous scrutiny of the basis of his knowledge unnecessary."). There is nothing within the four corners of Causey's affidavit that could have caused the magistrate to question the veracity of Kelly's statement to Speak. Thus, we conclude that the underlying circumstances indicate a substantial basis for crediting Kelly's hearsay statements to Speak. Accordingly, we hold that the trial court did not abuse its discretion in overruling Appellant's motion to suppress. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

### SAM GRIFFITH
Justice

Opinion delivered on October 23, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5

# APPENDIX

## AFFIDAVIDIT FOR PROBABLE CAUSE FOR ARREST WARRANT
### Cause Number 12057698

**STATE OF TEXAS**
    **Vs.**

                                     **City Of Trinidad**

**Shelton, Clinton Dewayne**                **HENDERSON COUNTY**

Before me, the undersigned authority, on this day personally appeared the undersigned

Affiant, who after being by me duly sworn on oath deposed and says:

My name is **Officer Dennis Causey** and I have good reason to believe that on May 22,

2012 in Trinidad, Henderson County Texas: **Shelton, Clinton Dewayne W/M**

**08/22/1987 6'1" 170lbs brown hair brown eyes** who resides at 403 E. Scruggs Street in

Trinidad, Henderson County, Texas hereinafter called defendant, did then and there

commit the offense of **TXPC: 30.02 Burglary of a Habitation Second Degree Felony**

in that

He or She did then and there:

The defendant made entry into the residence without the consent of the owner to commit what

was believed to be a felony, theft or assault

Against the peace and dignity of the State of Texas.

My belief of the above is based upon the following facts and information:

On May 22, 2012 Officer C. Speak 792 of the Trinidad Police Department responded to 1009 Alice Street Trinidad, Henderson County, TX in reference to a burglary of a habitation.

Upon his arrival he met with Victim/Complainant Grace, Kelly W/F 03/11/1962. Grace stated that she had been sitting at her computer around 0200 AM when she heard a car door slam in her garage Grace stated that she got up from her computer and looked out into the garage but did not see anyone. Grace stated that she then returned to her computer and heard the screen door open that leads into the garage and she turned to see a tall skinny white male with brown hair wearing a white tank top and blue jeans. Grace stated that she recognized the white male as someone she had seen before named Clint. Grace stated that she screamed at the white male stating, "what are you doing get out of my house Clint".

**STATE'S EXHIBIT**

R 33

7

Grace stated that the white male continued into the residence until her dog began barking at the white male and then lunged after him. Grace stated that the white male turned and slammed the door before the dog reached him and fled from the residence west bound through the neighbor's yard. Grace stated that she opened the door and the dog pursued the white male across the street and returned a short while later.

Grace stated that she looked in her vehicle and discovered that $40.00 dollars cash and the keys to her work place were missing and they had been there earlier in the night. Grace stated that she did not give permission to anyone to remove the items from her vehicle and she did not give permission to the white male to enter into her residence. Grace stated that she wished to press charges against the white male she identified as Clint.

While at the residence Officer Speak observed that the garage was an enclosed structure without a door and the vehicles were parked well inside the structure. He asked Grace if there were any other identifiers about the white male and she stated that he had lots of tattoos and lived about a block from her parents on E. Scruggs Street. Grace stated that she had seen the white male multiple times and could identify him on site. He asked Grace if she would be able to pick the white male from a photo lineup and she stated that she could. He then set up a meeting with Grace for May the 23rd to view a photo lineup.

Further investigation into the white male Grace described revealed him to be identified as Shelton, Clinton Dewayne W/M 08/22/1987 whom the Trinidad Police Department had arrested multiple times for theft and burglary. Shelton lives at 403 E. Scruggs Street Trinidad, Henderson County TX.

On May 22, 2012 it is believed that Shelton, Clinton Dewayne W/M 08/22/1987 made entry into the garage of 1009 Alice Street and removed $40.00 cash and a keys from the vehicle parked in the garage and then made entry into the residence without the consent of the owner to commit what was believed to be a felony, theft or assault there by committing the offense of TXPC: 30.02 Burglary of a Habitation a Felony of the Second Degree.

Wherefore, I request that an arrest warrant be issued for the suspect hereinbefore designated to the laws of this State.

Witness my signature this the 23rd day of May, 2012

_____ Affiant

Sworn to and subscribed me on this the 23rd day of May, 2012

_____
Honorable Judge Tommy Barnett JP5

8



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**OCTOBER 23, 2013**

**NO. 12-13-00070-CR**

**CLINTON DEWAYNE SHELTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 392nd Judicial District Court

of Henderson County, Texas. (Tr.Ct.No. B-19,653)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

9