**Affirmed and Opinion Filed April 20, 2015**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01502-CV

**$8,074.68 IN UNITED STATES CURRENCY; 40 "8 LINER" MACHINES; 3 WALMART GIFT CARDS; AND MISC. PAPERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-02636-2013**

## MEMORANDUM OPINION

Before Justices Francis and Myers, and Chief Justice Thomas, Retired[1]
Opinion by Chief Justice Thomas, Retired

This is a civil forfeiture case. Interested party Jack Fairchild appeals the trial court's final judgment forfeiting $8,074.68 in United States currency, forty "8 liner" machines, three Walmart gift cards, and miscellaneous paperwork to the State as gambling proceeds, devices, equipment, and paraphernalia. In one issue, Fairchild asserts the trial court erred in overruling his objection to the State's evidence at the show cause hearing. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Sergeant Jeff Brownrigg investigated gambling-related offenses and illegal gambling enterprises for the Collin County Sheriff's office. On June 13, 2013, Brownrigg applied for a

---

[1] The Honorable Linda Thomas, Chief Justice of the Court of Appeals for the Fifth District of Texas—Dallas, Retired, sitting by assignment.

search and seizure warrant to search the Triple Crazy Game Room, located at 865 Audie Murphy Parkway, Farmersville, Texas, for gambling devices, equipment, and paraphernalia used in the commission of an offense. In support, Sergeant Brownrigg attached a sworn affidavit, providing facts and circumstances personally known to him and other law enforcement officers that led him to believe that gambling devices or evidence of gambling offenses would be found at that location. The trial court found that Brownrigg's affidavit demonstrated probable cause for his belief that gambling offenses were being committed at the Triple Crazy Game Room, and issued a search and seizure warrant. Brownrigg executed the warrant the same day, seizing forty "8 liners," United States currency, gift cards, and various documents from the Triple Crazy Game Room.

On July 9, 2013, the State filed its motion for forfeiture of gambling proceeds, devices, equipment, and paraphernalia. The motion also provided written notice that the State would not seek prosecution for offenses related to the seizure. The trial court sent notice to the person found in possession of the seized property, stating that anyone interested in contesting forfeiture should appear and show cause why the seized property should not be forfeited or destroyed. Fairchild entered an appearance and filed an answer as an interested person, opposing the forfeiture.

At the show cause hearing, the State offered a certified copy of the search and seizure warrant, the affidavit for search warrant, and the return and inventory (collectively State's Exhibit 1), and argued the burden had shifted to Fairchild to show cause why the seized property should not be forfeited or destroyed. In response, Fairchild challenged the existence of probable cause for the search warrant because Brownrigg's affidavit was not based on personal knowledge. He also argued that State's Exhibit 1 was inadmissible because Brownrigg's affidavit was based on speculation, conjecture, and hearsay. Fairchild further argued that

–2–

because State's Exhibit 1 was not admissible evidence, the State had not met its burden of proof and the burden of proof had not shifted to Fairchild to prove the property was not subject to forfeiture. The trial court overruled Fairchild's objection and admitted State's Exhibit 1 into evidence. Neither side presented any further evidence, and the trial court ordered the forfeiture of the seized items. Fairchild now appeals the trial court's judgment.

In a single issue, Fairchild contends the trial court erred by admitting State's Exhibit 1 into evidence at the show cause hearing because the affidavit constituted hearsay and was not competent, admissible evidence. Fairchild further contends that because State's Exhibit 1 was the only evidence offered by the State at the show cause hearing, the trial court erred in ordering the property forfeited. Importantly, Fairchild does not challenge the trial court's decision to issue the search warrant and does not ask that we review the trial court's decision to issue the warrant.

A civil forfeiture proceeding under chapter 18 of the Texas Code of Criminal Procedure is an *in rem* proceeding. *Hardy v. State*, 102 S.W.3d 123, 127 (Tex. 2003) (citing *State v. Rumfolo*, 545 S.W.2d 752, 754 (Tex. 1976)). Article 18.18(b) authorizes forfeiture when the person found in possession of the property has not been convicted or prosecuted following a seizure. *See* TEX. CODE CRIM. PROC. ANN. art. 18.18(b) (West Supp. 2014). As such, it is an action against the property itself, not against the owner, and does not involve the conviction of the owner or possessor of the property seized. *See Hardy*, 102 S.W.3d at 127. In *Hardy*, the Texas Supreme Court explained how the burden of proof is allocated at each stage of a civil forfeiture proceeding under chapter 18. 102 S.W.3d at 127–30.

A forfeiture proceeding is initiated when the State obtains a search warrant based on a sworn affidavit averring sufficient facts to satisfy the issuing magistrate that probable cause exists for its issuance. *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2014); *see*

*also Hardy*, 102 S.W.3d at 129; *In re Seizure of Gambling Proceeds and Devices*, 261 S.W.3d 439, 444 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). In the context of civil forfeiture, probable cause is a reasonable belief that "a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute." *State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in U.S. Currency and 2000 Black Lincoln Navigator VIN: 5LMPU28A7YLJ10865*, 390 S.W.3d 289, 293 (Tex. 2013) (quoting *United States v. $364,960.00 in U.S. Currency*, 661 F.2d 319, 323 (5th Cir. 1981)). The facts submitted for the magistrate's probable cause determination are those contained within the four corners of the affidavit, and they are to be read in a common-sense and realistic manner. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). A magistrate may draw reasonable inferences from the facts stated in the affidavit. *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007). "Once the State has established probable cause to initiate a forfeiture proceeding, the State has met its burden under article 18." *Hardy*, 102 S.W.3d at 129. At that point, the burden shifts to the interested party to prove that the property is not subject to forfeiture under article 18.18(f). *Id.*

In this case, the State filed a sworn affidavit, and the magistrate issued the warrant. Once the State satisfied the magistrate that it had probable cause for the warrant, the State's burden was met. *See id.* at 130. The burden then shifted to Fairchild to prove by a preponderance of the evidence that the property seized was not illegal gambling proceeds, devices, equipment, and paraphernalia. *See* TEX. CODE CRIM. PROC. ANN. art. 18.18(f); *Hardy*, 102 S.W.3d at 129.

At the show cause hearing, Fairchild first argued that the search warrant should be reviewed because the affidavit on which it was based was "replete with hearsay statements from the Affiant." When the State offered State's Exhibit 1 into evidence, Fairchild's counsel objected, pointed out various hearsay statements in the affidavit, and argued that the affidavit

–4–

should not be admitted into evidence at the show cause hearing. On appeal, Fairchild discusses the requirements for a proper affidavit; however, Fairchild limits his discussion to the rules of civil procedure dealing with summary judgment affidavits, and cases involving affidavits provided in support of summary judgment and other civil motions. Fairchild fails to address what is required of an affidavit in support of a search and seizure warrant.

Brownrigg's affidavit for search warrant states that Brownrigg received information regarding the Triple Crazy Game Room from other police officers. Several officers informed Brownrigg they personally observed gambling devices at the location; other officers provided Brownrigg with information regarding gambling activities at the location. In presenting the facts supporting an affidavit for a search warrant, a police officer does not have to rely solely on his own personal knowledge but can reasonably rely upon a trustworthy source to conclude that evidence of a crime may presently be found in a specified place. *See Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986). "Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant." *Moreno v. State*, 415 S.W.3d 284, 288 n.4 (Tex. Crim. App. 2013) (citing *United States v. Ventresca*, 380 U.S. 102, 110–11 (1965)). Even double hearsay may be used to show probable cause if the underlying circumstances indicate a substantial basis for crediting each level of hearsay. *Lowery v. State*, 843 S.W.2d 136, 140 (Tex. App.—Dallas 1992, writ ref'd). We find no legal support for Fairchild's argument that the search affidavit should be stricken merely because it consisted of hearsay statements. *See Cassias*, 719 S.W.2d at 587; *Allen v. State*, 899 S.W.2d 296, 299 (Tex. App.—Houston [14th Dist.] 1995, writ dism'd). Furthermore, as discussed above, the State did not have a burden to show probable cause at the show cause hearing. *See Hardy*, 102 S.W.3d at 130. Probable cause was established when the trial court issued the search and seizure warrant. *Id*. Thus, any alleged defect in the State's evidence at the show cause hearing was

harmless. We conclude the trial court did not abuse its discretion by overruling Fairchild's objection to the admissibility of State's Exhibit 1 at the show cause hearing. *See* TEX. R. APP. P. 44.2(b) (if an error does not affect substantial rights, it must be disregarded); *see also Bourque v. State*, 156 S.W.3d 675, 676–77 (Tex. App.—Dallas 2005, pet. ref'd).

Fairchild had the burden of proof at the show cause hearing. *See Hardy*, 102 S.W.3d at 129; *see also State v. One Super Cherry Master Video 8-Liner Machine*, 102 S.W.3d 132, 133 (Tex. 2003). Article 18.18(f) provides that unless the interested party "proves by a preponderance of the evidence that the property or proceeds is not gambling equipment, altered gambling equipment, gambling paraphernalia, gambling device, gambling proceeds . . . and that he is entitled to possession, the magistrate shall dispose of the property or proceeds . . . ." TEX. CODE CRIM. PROC. ANN. art. 18.18(f). Fairchild readily admits he did not introduce any evidence to show why the seized property should not be forfeited. Accordingly, we conclude the trial court did not err in ordering the forfeiture of the property. *See Hardy*, 102 S.W.3d at 129.

We overrule Fairchild's issue and affirm the trial court's judgment.

131502F.P05

/Linda Thomas/
LINDA THOMAS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

$8,074.68 IN UNITED STATES CURRENCY; 40 "8 LINER" MACHINES; 3 WALMART GIFT CARDS; AND MISC. PAPERS, Appellant

No. 05-13-01502-CV    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District Court, Collin County, Texas
Trial Court Cause No. 380-02636-2013.
Opinion delivered by Justice Thomas.
Justices Francis and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal from JACK FAIRCHILD.

Judgment entered April 20, 2015.